IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIMOTHY WADE JACKSON                                                                                    PLAINTIFF

v.                                            Civil No. 4:23-cv-04060

CONNIE MITCHELL; CONNOR HERROLD;
LOUIS WHITE; JAMES ROSS; JAMES HEATH;
GOLDEN ADAMS; and ALICE MILLER                                                                   DEFENDANT

**REPORT AND RECOMMENDATION**

Plaintiff, Timothy Wade Jackson, originally filed this action pursuant to 42 U.S.C. § 1983 on May 8, 2023 in the Eastern District of Arkansas. The case was transferred to this Court on June 8, 2023. (ECF No. 7). The Court then granted Plaintiff's application to proceed *in forma pauperis* and ordered Plaintiff to file an Amended Complaint. (ECF Nos. 10, 11). Plaintiff filed his Amended Complaint on June 27, 2023. (ECF No. 13). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

I.      **BACKGROUND**

Plaintiff is currently incarcerated in the Arkansas Department of Corrections North Central Unit, but his Amended Complaint centers on actions that occurred in Miller County, Arkansas.

1

In his Amended Complaint, Plaintiff names seven Defendants: Connie Mitchell, Chief Deputy Prosecuting Attorney for Miller County; Connor Herrold, Public Defender for Miller County; Louis White, Parole and Probation Manager; James Ross, Texarkana Arkansas Police Department Investigator; James Heath, Probation Officer; Captain Golden Adams, Miller County Detention Center ("MCDC"); and Sergeant Alice Miller, MCDC. (ECF No. 13). Plaintiff asserts three claims against these Defendants: (1) he was falsely accused, arrested, charged, and imprisoned in March 2021, in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights; (2) his name was slandered, he was defamed, racially profiled, falsely imprisoned in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights; and (3) his probation and registration was violated in violation of his Eighth and Fourteenth Amendment rights. *Id*.

Plaintiff asserts Claims One and Two against all Defendants in their individual capacities only (ECF No. 13, pp. 5, 8), and Claim Three against Defendants Mitchell, Herrold, White, Ross, and Heath in their official capacities only (ECF No. 13, p. 8).[1]

Plaintiff alleges the following facts related to each of his claims.  In Claim One, Plaintiff alleges he was falsely arrested, accused, and charged for crimes he did not commit in Hot Springs. (ECF No. 13, p. 12).  Plaintiff also states he showed Defendants Adams, and Miller his "Motion for Discovery" proving he did not commit the crimes and that the charges were false. *Id*. at 12-13.  According to Plaintiff, Defendants Adams and Miller did nothing to help him which caused him mental anguish.  Plaintiff claims these actions by Defendants violated his (1) Fifth Amendment right to be free from testifying against himself; (2) due process rights; (3) Sixth

---

[1] Plaintiff failed to indicate what capacity he is alleging Claim Three.  Accordingly, the Court must consider it an official capacity claim only. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989)).

Amendment right to obtain a witness in his favor; (4) Eighth Amendment right against cruel and unusual punishment; and (5) his Fourteenth Amendment right to due process and equal protection. *Id*. at 6.

In Claim Two, Plaintiff alleges all Defendants violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights when they slandered his name, falsely imprisoned him, defamed his character, and racially profiled him. *Id*. at 7. Plaintiff goes on to allege these actions caused him mental anguish, loss of wages, and mental and emotional stress. *Id*. Plaintiff also specifically alleges Defendant Mitchell violated MCDC policy by failing to provide him with a notary, and failing to request a downward departure or variance in his criminal proceedings. *Id*. at 8. Plaintiff also states Defendant Mitchell provided him with ineffective assistance of counsel. *Id*.

Lastly, in Claim Three, Plaintiff alleges Defendants Mitchell, Herrold, White, Ross, and Heath violated his Eighth and Fourteenth Amendment rights by violating his probation and registration. *Id*. at 9. Further, Plaintiff alleges when he showed these Defendants his documents they still did nothing to correct his violated probation and registration. *Id*.

Plaintiff alleges he was injured by Defendants' conduct when he lost irreplaceable family obituaries, memorabilia, graduation certificates, a job opportunity, FEMA assistance, and his freedom. *Id*. at 10.[2]

---

2 The Court notes Plaintiff filed a previous Complaint in February 2023 based on very similar allegations and the same facts. The Court dismissed said Complaint for failure to state a claim. *See Jackson v. Adams, et. al,* Civil No. 4:23-cv-04006, (W.D. Ark. May 9, 2023).

## II.     APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"   *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.     DISCUSSION

As an initial matter, Plaintiff's Amended Complaint does not support any plausible cause of action for relief under 42 U.S.C. § 1983.   Plaintiff makes general and conclusory allegations along with lists of constitutional amendments allegedly violated.   While the Court holds a *pro se* complaint to a less stringent standard than formal pleadings drafted by lawyers, *Jackson v.* Nixon, 747 F.3d 537, 541 (8th Cir. 2014), Plaintiff must allege specific facts sufficient to support his claims, *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985).   Here, Plaintiff wholly failed to

provide the Court with facts sufficient to state any claim for relief that is plausible on its face. Accordingly, Plaintiff has failed to state any claims upon which relief can be granted in his Amended Complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, Plaintiff fails to allege cognizable Section 1983 Claims.

### A. Claim One

In Claim One, Plaintiff claims he was falsely accused, charged, arrested, and imprisoned. These are all challenges to the validity of Plaintiff's criminal conviction. Plaintiff may not use Section 1983 as a substitute for *habeas* relief, instead, he must pursue such claims through the proper avenue of 28 U.S.C. § 2254. *See e.g., Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) ("Section 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence.") (quoting *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)).

Additionally, Claim One seeks damages for an unconstitutional conviction or imprisonment, and such claims are barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has produced no evidence or allegations sufficient to satisfy the *Heck* requirements.

Even if Plaintiff's pleadings had met the *Heck* requirements, false imprisonment is not a cognizable claim pursuant to Section 1983. *See King v. Beavers*, 148 F.3d 1031, 1034 (8th Cir. 1998) (explaining false imprisonment is a state law tort claim which is not interchangeable with a due process violation claim under the Fourteenth Amendment).

### B. Claim Two

In Claim Two, Plaintiff alleges Defendants slandered his name, falsely imprisoned him, defamed his character, racially profiled him, and provided him with ineffective assistance of counsel.

Plaintiff's claim of ineffective assistance of counsel is alleged against his public defender, Defendant Herrold. Allegations against a public defender must fail as a matter of law when alleged under Section 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (private actors can only be liable under Section 1983 if "they are willing participants in a joint action with public servants acting under color of state law.") (internal citations omitted). "The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a Section 1983 violation." *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Accordingly, Plaintiff's complaints, regarding the representation by his counsel in his criminal trial, do not constitute a cognizable claim under 42 U.S.C. § 1983.

Additionally, claims of slander and defamation are state law claims and not cognizable claims under Section 1983. *See Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983) (confirming the district court's ruling that "words and intents do not rise to the level of constitutional deprivations."); *see also Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (" . . . a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States.").

While racial profiling may state a cognizable claim under Section 1983, Plaintiff's claim

6

of racial profiling fails because Plaintiff has failed to allege any facts supporting this claim. Merely listing the phrase "racial profiling" on his Amended Complaint in a string of other causes of action does not state a plausible claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (per curiam).

Finally, the Court has addressed Plaintiff's false imprisonment claim above in the section on Claim One where he initially asserts it.

If Plaintiff intended to allege state claims in his Amended Complaint for defamation, slander, and false imprisonment, the Court declines to exercise pendent jurisdiction over such claims as it recommends all federal claims be dismissed. *See Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998) (explaining a federal court may decline to exercise supplemental jurisdiction over a pendent state claim if it has dismissed all claims over which it had original jurisdiction under 28 U.S.C. § 1367(c)(3).).

**C. Claim Three**

In Claim Three, Plaintiff alleges his probation and registration were violated on October 12, 2021 and this violated his Eighth and Fourteenth Amendment rights. Plaintiff offers no additional facts regarding this claim. Accordingly, as explained above, a claim without any factual support does not state a plausible claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff also asserts his Claim Three against Defendants in their official capacities. However, without a cognizable constitutional violation alleged, there can be no official capacity claim against the employer. *Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020) *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

## V. CONCLUSION

For these reasons, it is recommended:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk be directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of July 2023.

*Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE